Good morning. May I please the court, Lori Schoenberg, on behalf of the petitioner, I would like to reserve two minutes for rebuttal. This court's decision in DiMaio v. Lynch held that the definition of an aggravated felony crime of violence at 18 U.S.C. section 16 B was void for vagueness because it combined two indeterminate inquiries. First of all, the statute combined an indeterminate inquiry about how judges could measure the risk of physical force posed by a judicially invented ordinary case of a state crime with an indeterminate inquiry about how much risk it takes for a crime to qualify as an aggravated felony crime of violence. DiMaio undermines the aggravated felony crime case and the precedent that supported that finding. An examination of the record reveals... Wasn't DiMaio a 16 B case though and isn't this a 16 A case? That's actually not clear based on the record. The immigration judge in this case actually quoted both 16 A and 16 B when she found that Mr. Shibata's conviction under California Penal Code 23501... Is there any reason to believe it really is 16 B instead of 16 A though? What would be the argument that it should be 16 B here? Isn't it pretty clearly 16 A? Well, in terms of what the agency found or in terms of... In terms of what the statute better matches. What happened? Well, in terms of what the statute better matches, the court in a previous case, Mr. Ron Salinas, found that the men's ray for California assault, which is the same men's ray at issue here, requires sufficient... A sufficient risk that physical force may be used against another in the commission of an offense to qualify as an aggravated felony crime of violence under 16 B. Now, U.S. v. Grajeda, the legal authority cited by both the immigration judge and the Board of Immigration Appeals in this case, found itself bound by U.S. v. Ron Salinas to find that a violation of 245A1 is, in fact, an aggravated felony crime of violence. Now, of course, that particular case relied on 16 A, but the fact that it found itself bound by Ron Salinas indicates that the statutory definition of an aggravated felony crime of violence in 16 B was implicated. And, in fact, the record as a whole indicates that both the immigration judge and the BIA relied on 16 B in part to find that Mr. Shibata in particular was convicted of an aggravated felony. The immigration judge in this case stated that his conviction was a, quote, crime that unequivocally involves a substantial risk of physical force in committing the offense, which is language that Mr. Shibata's conviction under California Penal Code 245A1 was an aggravated felony crime of violence without distinguishing between 16 A and 16 B. Can you explain something to me? I'm just wondering why this case is still alive. The defendant didn't ask it to be reopened. Well, the defendant did contest the finding of removability in this case, and he's in Japan, Your Honor. He was  Did he ask for the case to be reopened? Not that this particular case be reopened. However, he was petitioning for review of the removal decision in this case when he was, in fact, deported after this Court denied his stay. Does the defendant know we're here today? Yes, Your Honor, he does. I'm in contact with his U.S. citizen fiance. As I was indicating before, the record indicates that the agency did rely upon 16b, in part, to find that his conviction under 245A1 was an aggravated felony crime of violence. Grajeda, as I indicated before in response to Judge Freeland's question, relied explicitly upon Jerome Salinas to find that a violation of 245A1 is a crime of violence. Both the record and the citation to Grajeda indicate that the aggravated felony removability finding in this case cannot be divorced from the definition of an aggravated felony crime of violence that the Court invalidated in Grajeda. Accordingly, this Court must invalidate the aggravated felony finding in this case and grant Mr. Shabata's petition for review. In addition, because Grajeda relied upon Jerome Salinas, that indicates that Jemiah may have overruled, in part, some of the holdings in Grajeda as well and requires re-examination of Grajeda in that case. In addition, Your Honor, even if this Court relies upon 18 U.S.C. section 16a, that aggravated felony definition, or at least determines that the agency relied upon 16a to find that Mr. Shabata was convicted of an aggravated felony, that begs the question as to whether U.S. v. Grajeda actually remains viable in light of intervening case law. Are you familiar with Jimenez-Arzate, which just this year said that Grajeda is still good law, even in light of intervening authority? I am familiar with U.S. v. Jimenez-Arzate, but I actually don't think it controls the issue here. Why is that? Well, Jimenez-Arzate considered two arguments. It considered the arguments, first of all, that Grajeda's construction of the men's ray for California assault conflicted with two intervening California Supreme Court cases, which construed the men's ray for assault under California law, and the Jimenez-Arzate court found that those cases did not sufficiently alter the men's ray for assault to require a re-examination of Grajeda. In addition to that, Jimenez-Arzate also rejected the argument that Cerrone v. Holder overruled Grajeda, finding that Cerrone actually relied upon the same construction of the California men's ray at issue to determine whether a violation of 245A1 is an aggravated felony crime of violence, the same construction at issue in both Grajeda and Cerrone. What Jimenez-Arzate did not consider is whether the Supreme Court's intervening decisions in Moncrief and Day Camp and whether this court's intervening decisions in Rendon and also in Lopez Valencia more recently actually fatally undermine Grajeda. In fact, both of those— Are any of those decided after Jimenez-Arzate? Well, Lopez Valencia was, Your Honor. And in what way does that change anything? Well, Lopez Valencia emphasizes that an alternative element of a crime as opposed to an alternative means of committing the crime is something that a jury must find unanimously and beyond a reasonable doubt. Lopez Valencia, as well as Rendon and earlier Day Camp, require a court to look at what a jury was actually required to find before they convicted somebody of a California assault crime under 245A1. In this case, there actually is a definition of a men's right of assault in California criminal jury instructions. That California criminal jury instruction states that, quote, the people are not required to prove that the defendant actually intended to use force against someone when he or she acted to convict someone of California assault. The only authority that the California jury instructions cite is People v. Williams, the same case that Grajeda, Jimenez-Arzate, and Cerrone, among other cases, relied upon to construe what men's right was required to convict somebody of 245A1. The reference in the California jury instruction stating that the people were not required to find unanimously and beyond a reasonable doubt an intentional application of physical force against another person to convict somebody of 245A1 indicates perhaps that those courts' construction of the mens re for California assault was incorrect. We'd have to dig pretty deep to get there, wouldn't we? Well, I mean, the California, this court's cases do require that an aggravated felony crime of violence must incorporate as an element an intentional application of physical force against another person. This reference in a California criminal jury instruction indicates that that intent is not required. And since Daycamp, Rendon, and Lopez-Valencia require a court to focus on what a jury was required to find unanimously and beyond a reasonable doubt as a prerequisite for conviction, and since Daycamp substantially altered the formulation for determining what constitutes an aggravated felony, those cases require a re-examination of Grajeda. Your Honor, I have about 30 seconds left. No, you're in the red. Okay. That's it. Thank you. May it please the court, Jeremy Byland on behalf of a respondent. Petitioner's conviction for assault with a deadly weapon under California Penal Code 245A1 is an aggravated felony under the definition found in AUST1101A43F because he was convicted of a categorical crime of violence and he was convicted of assault with a deadly weapon. He was sentenced to a year or more incarceration. This court has repeatedly held in published precedent that 245A1 is categorically a crime of violence under the federal definition found in 18 U.S.C. section 16A. And that's the decision that the board made, too. There is some confusion, I admit, in the immigration judge's decision about whether 16A or 16B was at issue. And the immigration judge did cite language, operative language from 16B. But if you look at the board's decision, the only decision that the board cites is Grajeda. And I would disagree that Grajeda could be construed as a 16B case. In fact, in Grajeda, the court talked about how 16B cases were not considered by the court because 16B was a very different kind of provision than 16A. 16A is an elements matching provision, whereas 16B is a residual clause. But he did use a weapon called nunchucks. Yes, Your Honor. Yes, that was the deadly weapon with which the assault was committed. And the intervening case law of the Supreme Court and this court en banc do not undermine Grajeda. DiMaia and Johnson, in particular, do not undermine 16A. In fact, they're very clear in carving out 16A as something that they're not attacking. In footnote 10 in DiMaia, it talks about the difference between the simple elements matching provision in 16A and then the residual clause in 16B. And then in Johnson v. United States, the court actually contrasted the residual clause, which requires this substantial risk analysis. They contrasted that to the simple elements matching provision because the provisions in the ACCA are actually parallel to what we have in 16A and B. They have an elements matching provision and then a residual clause. He was sentenced to four years imprisonment, wasn't he? Yes, Your Honor. So that one year requirement is easily satisfied. And that one year requirement under this court's case law... I just asked you this question so the people in the back of the room know what's going on. Yes, Your Honor. It's a very serious conduct issue, Your Honor. Okay. As to the mens rea issue, it is a general intent mens rea. We don't dispute that. The specific intent of injury is not required. But this court in Grajeda considered that general intent to be sufficient.  Thank you, Your Honor. Thank you. We'll give you a minute for rebuttal. Yes, Your Honor. Your Honor, Government Counsel indicated that U.S. v. Grajeda was not a 16B case. In fact, the language of U.S. v. Grajeda contradicts that. In particular, Grajeda found itself bound by U.S. v. Jaron Salinas and found that it foreclosed Grajeda's argument on appeal that 245A1 was not a categorical aggravated felony crime of violence because it did not contain a sufficiently intentional application of physical force against another person. Jaron Salinas looked at the California assault with a firearm statute and found that the plain language of that statute matched both definitions of an aggravated felony crime of violence at 16A and 16B and found that the stated mens rea for California assault in People v. Williams quote, closely tracks the language of 16B by naturally involving a person acting in disregard that physical force might be used against another in committing an offense. So that pretty much refutes the argument that Grajeda is entirely divorced from 16B. Of course, as to DiMaia, DiMaia does not directly attack 16A, but as I have argued previously, we cannot divorce the aggravated felony definition of a crime of violence at 16B from 16A in the context of this particular case and in the context of Grajeda, which cited explicitly to Jaron Salinas' construction of 16A and 16B. All right. We have your argument, Willow. Thank you, Your Honor. Thank you. The next item...
judges: Schroeder, Pregerson, Friedland